IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TROY D. PRICE, JR. | : | |
| | : | |
| | : | |
| v. | : | Civil No. CCB-11-1735 |
| | : | |
| | : | |
| ATLANTIC RO-RO | : | |
| CARRIERS, INC., et al. | : | |

**MEMORANDUM**

Price sues Atlantic Ro-Ro Carriers, Inc., Mos Shipping Company ("Mos Shipping"), and Baltic Mercur Joint Stock Company ("Baltic Mercur") under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 905(b), alleging negligence. In September, this court issued an order granting in part and denying in part a trio of motions for summary judgment, including the denial of the defendants' motion to apply Maryland's statutory cap on noneconomic damages, Md. Code Ann., Cts. & Jud. Proc. § 11-108, to Price's claims. (*See* Order 98.) Mos Shipping and Baltic Mercur now move to certify that order for interlocutory appeal under 28 U.S.C. § 1292(b). The motion has been fully briefed and no hearing is necessary to its resolution. *See* Local Rule 105.5 (D. Md. 2014). For the reasons explained below, that motion will be denied.

**ANALYSIS**

Although 28 U.S.C. § 1292(b) permits certification for interlocutory review of non-final orders, its application is reserved for "exceptional circumstances [that] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978) (quoting *Fisons, Ltd. v. United States*,

458 F.2d 1241, 1248 (7th Cir. 1972)). Accordingly, certification "is not intended as a vehicle to provide early review of difficult rulings in hard cases." *City of Charleston, S.C. v. Hotels.com, LP*, 586 F. Supp. 2d 538, 548 (D.S.C. 2008) (quoting *Abortion Rights Mobilization, Inc. v. Regan*, 552 F. Supp. 364, 366 (S.D.N.Y. 1982)). Instead, the statutory criteria for certification "must be strictly construed," so that the interlocutory review is "used sparingly." *Myles v. Laffitte*, 881 F.2d 125, 127 (4th Cir. 1989).

A district court may certify an order for interlocutory review where it determines that its decision "involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation . . . ." 28 U.S.C. § 1292(b). Because the statute lists these criteria in the conjunctive, certification requires satisfaction of each. *See e.g.*, *Ahrenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674, 676 (7th Cir. 2000).

Mos Shipping and Baltic Mercur seek certification for interlocutory appeal of the court's refusal to apply Maryland's cap on noneconomic damages to a negligence action brought under 33 U.S.C. § 905(b). That issue is plainly a "question of law" within the meaning of 28 U.S.C. § 1292(b), insofar as it is "'a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine'—as opposed to 'whether the party opposing summary judgment has raised a genuine issue of material fact.'" *Lynn v. Monarch Recovery Mgmt., Inc.*, 953 F. Supp. 2d 612, 623 (D. Md. 2013) (quoting *Clark Constr. Grp., Inc. v. Allglass Sys., Inc.*, Civ. No. DKC-02-1590, 2005 WL 736606, at *2 (D. Md. Mar. 20, 2005)). And it is plainly a close question, about which "there is a substantial ground for difference of opinion." 28 U.S.C. § 1292(b). After all, discerning where state law may supplement general federal maritime

common law "is far from easy; one might tack a sailboat into a fog bank with more confidence." *Ballard Shipping Co. v. Beach Shellfish*, 32 F.3d 623, 624 (1st Cir. 1994). Indeed, as the underlying memorandum acknowledges (Mem. 9–10), a Maryland state court has navigated this foggy doctrine differently than this court, concluding that the state's cap noneconomic damages *does* apply in materially similar circumstances. *See McCoy v. Weeks Marine, Inc.*, 2009 WL 3275927, 2009 A.M.C. 1862, 1875–82 (Md. Cir. Ct. July 8, 2009).

     Immediate appellate consideration of this issue, however, will not "materially advance termination of the litigation." 28 U.S.C. § 1292(b). To evaluate that criterion, "a district court should consider whether an immediate appeal would: '(1) eliminate the need for trial, (2) eliminate complex issues so as to simplify the trial, or (3) eliminate issues to make discovery easier and less costly.'" *Lynn*, 953 F. Supp. 2d at 626 (quoting *Orson, Inc. v. Miramax Film Corp.*, 867 F. Supp. 319, 322 (E.D. Pa. 1994)). Even if the Fourth Circuit reversed this court's prior order, Price would still be entitled to seek noneconomic damages up to $695,000, the statutory cap. The applicability of that cap would thus do nothing to eliminate the need for a trial, to streamline the presentation of proof, or to limit the scope of discovery. Indeed, Maryland expressly prohibits informing the jury of the applicability of a statutory cap on noneconomic damages, which courts apply only after issuance of the jury's damages determination. *See* Md. Code Ann., Cts. & Jud. Proc. § 11-108(d). "When litigation will be conducted in substantially the same manner regardless of [the court's] decision, the appeal cannot be said to materially advance the ultimate termination of the litigation." *In re City of Memphis*, 293 F.3d 345, 351 (6th Cir. 2002) (alteration in original) (quoting *White v. Nix*, 43 F.3d 374, 378–79 (8th Cir. 1994)).

Mos Shipping and Baltic Mercur urge a more flexible reading of the 28 U.S.C. § 1292(b), one that would permit certification of questions that might facilitate settlement. For support, they invoke *Sterk v. Redbox Automated Retail, LLC*, 672 F.3d 535 (7th Cir. 2012), which authorized the appeal of an interlocutory order denying dismissal of one of the plaintiff's two statutory claims in a class action. Although the plaintiff pleaded two grounds for relief, *Sterk* reasoned that review of the legal sufficiency of one of those claims would shorten the litigation, "especially since that claim appear[ed] to be the plaintiff's main one," while the remaining claim, not challenged on appeal, was "perhaps just a life jacket." *Id.* at 536. That circumstance—the prospect that immediate review would substantially shorten and simplify the litigation—would be justification enough to permit interlocutory appeal, provided the remaining statutory criteria were also satisfied. *See, e.g.*, *In re Va. Elec. & Power Co.*, 539 F.2d 357, 364 & n.10 (4th Cir. 1976). Yet *Sterk* reinforced that conclusion with an additional observation, noting that "uncertainty about the status of the [challenged] claim may delay settlement (almost all class actions are settled rather than tried), and by doing so further protract the litigation." 672 F.3d at 536.

As that summary suggests, *Sterk* does not entirely support the defendants' reading of it. The prospect of facilitating settlement was, at best, a secondary observation in that case, neither necessary nor sufficient to its resolution.[1] Where, as here, a party's motion relies *exclusively* on the speculative prospect of facilitating settlement, certification is inappropriate. To hold otherwise would threaten to expand the scope of § 1292(b) well beyond the narrow range of extraordinary circumstances for which it is reserved. *See, e.g.*, *Coopers & Lybrand*, 437 U.S. at

---

[1] Moreover, *Sterk*'s reasoning is restricted to the class-action context, where settlement plays an outsized role in resolving disputes.

475; *Myles*, 881 F.2d at 127. After all, "[r]esolution of nearly any disputed issue of law will to a greater or lesser extent, make settlement more probable." *Ashmore v. N.E. Petroleum Div. of Cargill, Inc.*, 855 F. Supp. 438, 440 n.3 (D. Me. 1994).

## CONCLUSION

For the reasons stated above, the motion to certify the court's previous order pursuant to 28 U.S.C. § 1292(b) will be denied.

A separate order follows.

<u>December 22, 2014</u>                                          <u>            /S/                        </u>
Date                                                             Catherine C. Blake
                                                                 United States District Judge